IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| VICKI M. CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:04cv1330 (JCC) |
| | ) | |
| METROPOLITAN LIFE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff Clark's Motion for Attorneys' Fees and Costs.[1] Plaintiff seeks $34,010.00 in attorneys' fees and $497.78 in costs. For the reasons stated below, the Court will partially grant and partially deny Clark's Motion for Attorneys' Fees and Costs.

### **I. Background**

Plaintiff Vicki M. Clark, as beneficiary of a decedent formerly employed by Home Depot U.S.A., Inc., ("Home Depot,") brought the present action seeking Accidental Death and Dismemberment, ("AD&D,") benefits under an employee benefits plan that Metropolitan Life Insurance Company, ("MetLife,") issued to Home Depot and administered.

---

[1] The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.

From July 24, 2000 to the date of his death on November 11, 2001, Plaintiff's husband Gerald W. Clark, ("the decedent,") was an employee of Home Depot and participated in the Home Depot Welfare Benefits Plan, ("the Plan"). The Plan is an "employee benefit plan" under the Employee Retirement Income Security Act, ("ERISA,") as defined in 29 U.S.C. § 1002. The Plan gives MetLife "full power and authority in its absolute discretion to determine all questions of eligibility for and entitlement to benefits, and to interpret and construe the terms of the plan." (ML 118[2]). Under the terms of the Plan, if an eligible employee is "involved in an accident and [the] injuries result in death or loss of limb within one year of the date of the accident," the employee's beneficiary receives 100 % of the employees AD&D benefit. (ML 70).

The Plan does "not cover losses due to, contributed to, or caused by:

- physical or mental illness or diagnosis or treatment for the illness
. . .
- suicide, or attempted suicide, or intentionally self-inflicted injury, while sane or insane
. . .
- the use of any drug or medicine, unless used on the advice of a licensed medical practitioner . . . . ."

(ML 72).

---

[2] Documents are referenced by the bates number assigned to each page in MetLife's administrative record as "ML ##." The entire record is attached to MetLife's motion for summary judgment.

-2-

From March 13, 2000, to November 10, 2001, Dr. David J. Wood, M.D., F.R.C.P.C. treated the decedent for generalized anxiety disorder and panic disorder.  Dr. Wood prescribed Venlafaxine and Fluoxetine as treatment for these disorders.  (ML 266-275).  On November 10, 2001, Dr. Swapna George, M.D., prescribed Atuss EX, a cough syrup containing Hydrocodone, to the decedent as treatment for acute bronchitis.  On November 11, 2001, the decedent was found dead at his home.  (ML 310-13, 325, 333).  The Virginia Department of Health's Office of the Chief Medical Examiner performed an autopsy and certified that the death was an accident.  (ML 312, 325).  The Medical Examiner concluded that the cause of death was medication poisoning from the Hydrocodone, Dextromethorphan, Venlafaxine, Bupropion, and Fluoxetine found in his blood, liver, and stomach.  (ML 310, 312, 325, 333).

On December 17, 2001, Clark applied for AD&D benefits. On January 10, 2002, MetLife paid the Basic Life benefits of $112,094.79.  (ML 301).  On January 14, 2002, MetLife acknowledged the claim for AD&D benefits and requested certain documents in order to review the claim.  (ML 314).  MetLife denied the AD&D benefits on April 29, 2003.  (ML 203-05).  Clark appealed the denial on August 14, 2003.  (ML 234-37).  MetLife upheld its denial of the claim on January 12, 2004.  (ML 186-88). By letter dated June 21, 2004, Clark provided MetLife the

affidavits of Dr. Wood and Clark, ("the June 2004 affidavits"). (ML 143-48).

Clark filed this suit on November 2, 2004. The Complaint alleges the following counts: (1) failure to provide benefits under ERISA; and (2) failure to provide a full and fair review as required by ERISA. (Compl. ¶¶ 46-60). Clark seeks the AD&D coverage of $320,000 plus interest from the 91st day following her application for the benefits, and attorneys' fees.

By Order entered May 20, 2005 and amended on June 8, 2005, the Court denied the parties' cross-motions for summary judgment and remanded the case to MetLife for a new benefits determination. *Clark v. Metropolitan Life Ins. Co.*, 369 F. Supp. 2d 770 (E.D. Va. 2005). The Court ruled that MetLife did not conduct a full and fair review of the claim on appeal and made its benefits determination based on an inadequate record because MetLife did not attempt to determine why the decedent had high levels of drugs in his system. MetLife was operating under a conflict of interest and the denial was not supported by substantial enough evidence to counter that conflict of interest. Thus, the Court remanded for a new benefits determination.

On May 25, 2005, Clark filed a motion seeking attorneys' fees and costs. MetLife opposes the motion and argues that: (1) Clark is not entitled to fees and costs because she was not a prevailing party; and (2) even if she had prevailed, she is

not entitled to fees because MetLife did not act in bad faith and the case is not otherwise sufficiently unusual to support fee shifting.  The motion for attorneys' fees and costs is currently before the Court.

## II. Analysis

### A. Is Clark a prevailing party?

As a threshold matter, the Court must determine whether Clark is entitled to any attorneys' fees and costs.  In the Fourth Circuit, "only a prevailing party is entitled to consideration for attorneys' fees in an ERISA action." *Martin v. Blue Cross & Blue Shield of Va., Inc.*, 115 F.3d 1201, 1210 (4th Cir. 1997).  A plaintiff must receive at least some relief on the merits of his claim before he can be said to prevail. *Griggs v. E.I. DuPont de Nemours & Co.*, 385 F.3d 440, 454 (4th Cir. 2004) (citing *Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001)).  Even an award of nominal damages suffices under this test. *Id.*

The Court must determine whether Clark is a prevailing party in this case.  MetLife argues that Clark is not a prevailing party because the Court did not grant summary judgment to Clark on any of her claims.  However, MetLife's argument disregards the import of the Court's opinion.  The Court clearly stated that it was remanding the claim for a new benefits determination because MetLife had failed to conduct a full and

fair review and consider whether the high levels of drugs in the decedent's system could have resulted from any cause other than the decedent not following the advice of his doctors. The Court's failure to specifically grant summary judgment on Clark's claim for a full and fair review was an oversight. The Court now clarifies that it granted summary judgment to Clark on Count II, failure to provide a full and fair review as required by ERISA. See 29 U.S.C. § 1133(2). Thus, Clark is a prevailing party as to Count II of her Complaint.

However, Clark has not prevailed on Count I of her Complaint, failure to provide benefits under ERISA. Should the Court determine that attorneys' fees are proper, the Court will grant Clark one-half of her requested attorneys' fees, because she has prevailed on one-half of her claims. *See Christian v. Dupont-Waynesboro Health Care Coverage Plan*, 12 F. Supp. 2d 535, 538 (W.D. Va. 1998)(Michael, J.)(where plaintiff alleged ERISA claim for failure to issue a notice of denial of benefits and for declaratory judgment that certain treatment was medically necessary, and the court remanded to plan administrator to correct the procedural deficiencies in the notice of denial and address the plaintiff's request for benefits, plaintiff was prevailing party on one-half of her requested relief and entitled to one-half of her attorneys' fees and all of her costs).

**B. Are attorneys' fees proper?**

ERISA provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."  29 U.S.C. § 1132(g).  In awarding attorneys' fees, the Court must consider five factors: (1) degree of opposing parties' culpability or bad faith; (2) ability of opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.  *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1029 (4th Cir. 1993).

This five factor approach is not a rigid test, but rather provides general guidelines for the Court in determining whether to grant a request for attorneys' fees.  *Id.*  In order to effectuate the remedial purposes of ERISA to protect employee rights and to secure effective access to federal courts, a prevailing individual beneficiary should ordinarily recover attorneys' fees unless special circumstances would render such an award unjust.  *Id.*  However, there is no presumption in favor of awarding attorneys' fees to a prevailing insured or beneficiary.  *Id.*

### 1. Culpability and bad faith

The main factor in contention is the first, i.e. whether MetLife was culpable or acted in bad faith. "[M]ere negligence or error does not constitute bad faith . . . . The district court has broad discretion to determine whether [the defendant's] failures were due to mere oversight or to bad faith." *Wheeler v. Dynamic Eng'g, Inc.*, 62 F.3d 634, 641 (4th Cir. 1995). "Bad faith connotes serious misconduct, deliberately and intentionally engaged in, for the purpose of harming another or advancing one's self-interest. Culpability connotes conduct that is wrongful, albeit not intentional or deliberate." *Edmonds v. Hughes Aircraft Co.*, 1998 WL 782016 at *4 (E.D. Va. Nov. 6, 1998)(Payne, J.). "Clearly, not every abuse of discretion constitutes, or evinces, bad faith." *Id.*

Clark argues that MetLife acted in bad faith by failing to fully and fairly review her claim and by denying it without first determining whether the decedent could have followed his doctors' instructions in taking the medications that poisoned him. Dr. Rafael Weeks of MetLife's Medical Department reviewed Clark's claim and reported that the individual presence or combination of the amount of Hydrocodone and Fluoxetine "may cause death." (ML 254). Dr. Weeks determined that Venlafaxine, Hydrocodone, and Fluoxetine were above normal levels and would indicate a more than normal administration of those drugs, but he

could not tell if the decedent complied with his doctor's instructions for taking the medications. (ML 265). In a January 12, 2004 letter upholding denial of the claim, MetLife informed Clark that:

> the decedent took medications that, as documents in MetLife's file show, and you have agreed, were prescribed for him by his physicians for treatment for his physical and mental illness . . . . [The exclusion for the "use of any drug or medicine, unless used on the advice of a licensed medical practitioner"] is also applicable to this matter. Here, the decedent took medications that were prescribed for him, however, two of those medications were detected at levels five to ten times the normal therapeutic levels and one medication prescribed for the decedent was detected at a toxic level. The levels of the medications detected do not support a claim that he used the medications as advised by his physicians.

(ML 186-88).

The Court noted that there was no evidence in the record that MetLife attempted to determine why the decedent had high levels of the drugs in his system. MetLife instead relied on numerous cases which affirmed the denial of benefits where death resulted from an accident or medical treatment. The Court concluded that a full and fair review of the claim should have considered whether the high levels of drugs in the decedent's system could have resulted from any cause other than the decedent not following the advice of his doctors. Dr. Weeks acknowledged that he could not determine whether the decedent had followed the advice of his doctors. Based on this gap in the record, the Court could not say that the denial was supported by

"substantial" enough evidence to counter the conflict of interest under which MetLife operated, so the Court remanded the claim for a new benefits determination.

MetLife argues that because the Court ruled that MetLife acted reasonably by refusing to consider the June 2004 affidavits supplied by the plaintiff six months after MetLife concluded administration of plaintiff's appeal and because the Court did not rule that MetLife abused its discretion, MetLife did not act in bad faith.  MetLife also argues that the only evidence of Clark's allegation that the decedent followed his doctors' instructions is contained in the affidavits.  This is incorrect; the autopsy report showed the cause of death was medication poisoning from the Hydrocodone, Dextromethorphan, Venlafaxine, Bupropion, and Fluoxetine found in his blood, liver, and stomach.  (ML 310, 312, 325, 333).  Dr. Weeks determined that Venlafaxine, Hydrocodone, and Fluoxetine were above normal levels and would indicate a more than normal administration of those drugs, but *he could not tell if the decedent complied with his doctor's instructions for taking the medications*.  (ML 265)(emphasis added).  Nevertheless, MetLife did not attempt to determine why the decedent had high levels of the drugs in his system.

Finally, MetLife relies on an unpublished opinion which held: "[a]n order to remand, when based merely on a finding that

-10-

a plan administrator should consider additional evidence, does not equate to a finding of bad faith." *Ganz v. Metropolitan Life Ins. Co.*, No. 01-785-A. at 3 (E.D. Va. Aug. 9, 2002)(Hilton, J.)(citing *Sedlack v. Braswell Servs. Grp., Inc.*, 134 F.3d 219, 227 (4th Cir. 1998)). However, that case does not state that an order to remand based on a finding that a plan administrator should consider additional evidence can never support a finding of bad faith, nor does that case address culpability.

In *Cox v. Reliance Standard Life Ins. Co.*, 179 F. Supp. 2d 630 (E.D. Va. 2001), the district court found that the defendant plan administrator had acted in bad faith and awarded attorneys' fees. There, the defendant initially denied a claim for accidental death benefits after the insured was shot and killed by police officers in his bed. Locked out of his home, the insured had entered by breaking a window. Police officers responded to a neighbor's call and arrived at the home. Upon being awoken by officers, the insured was startled and reached for a rifle he had next to him in the bed. He allegedly pointed it at the officers, the officers shot him seven times, and he died in the bedroom. The defendant initially denied the claim because it concluded that the insured was committing a felony at the time of his death. Upon review, the court found:

> that defendant's actions were unreasonable and therefore in bad faith when it initially denied plaintiff's claim for benefits. [The defendant] should have investigated plaintiff's claim for benefits before

-11-

> issuing the denial.  At minimum, [the defendant] should have waited until internal and external investigations into the shooting had been completed.  The claims administrator should have also considered more carefully the Commonwealth Attorney's opinion that it was impossible to determine whether or not [the decedent] was committing a felony at the time of his death.

*Cox v. Reliance Standard Life Ins. Co.*, 179 F. Supp. 2d 630, 633-34 (E.D. Va. 2001)(granting summary judgment and reasonable attorneys' fees to plaintiff).

The defendant appealed the district court's ruling, the Fourth Circuit affirmed, and the plaintiff widow sought attorneys' fees she incurred during the appeal.  Although there was no allegation that the defendant acted in bad faith by litigating the appeal, three of the five factors favored an award of attorneys' fees.  *Cox*, 235 F. Supp. 2d at 483-84.  In addition, failure to award fees would have forced the plaintiff widow to pay her attorneys out of the life insurance payment to which she was entitled, a result which would not effectuate the remedial purposes of ERISA.  *Id.*  Thus, the court awarded the plaintiff her reasonable attorneys' fees.  *Id.*

In *Christian v. Dupont-Waynesboro Health Care Coverage Plan*, 12 F. Supp. 2d 535, 538 (W.D. Va. 1998), although the district court did not find that the defendant acted in bad faith in failing to issue a notice of denial of benefits, the court did find that the defendant was culpable because the plaintiff was unable to obtain the notice due her without first commencing suit.  The court had already found the plan's notice of denial to

be deficient and remanded the matter to the plan administrator to correct deficiencies and to address the participant's request for benefits.

Although MetLife's actions in the instant case do not rise to the level of bad faith as those of the plan administrator in *Cox*, they are similar.  Like the administrator in *Cox*, MetLife did not consider carefully Dr. Weeks' opinion that he could not tell if the decedent complied with his doctor's instructions for taking the medications.  MetLife did investigate the claim, but that investigation was incomplete.  As the Court already ruled, MetLife should have attempted to determine why the decedent had high levels of drugs in his system.

Like the plan administrator in *Christian*, MetLife was culpable because Clark was unable to obtain a full and fair review of her claim without first filing a lawsuit.  Thus, the first factor favors an award of attorneys' fees.

**2. Other factors**

Three of the remaining factors favor an award of attorneys' fees to Clark.  As to the second factor, MetLife states that it "may be able" to afford the attorneys' fees, (Def.'s Opp'n at 7), but it is clear that MetLife can afford them.  Applying the third factor, an award of attorneys' fees would deter other plan administrators from failing to provide a full and fair review.  *See Reinking v. Philadelphia Am. Life Ins.*

*Co.*, 910 F.2d 1210, 1218 (4th Cir. 1990)("The award of fees to a prevailing employee increases the expected cost to the plan administrator who rejects a claim on the basis of ambiguous terms in the policy.  The administrator is more likely to accept reasonable interpretations offered by employees and thereby better protect employee rights."), *overruled in part by*, *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017 (4th Cir. 1993).

As to the fourth factor, Clark seeks to benefit herself only.  However, the Court's ruling on the summary judgment motion does benefit other participants and beneficiaries of ERISA plans in that it addresses for the first time the effect of an exclusion for "the use of any drug or medicine, unless used on the advice of a licensed medical practitioner" and an exclusion for "physical or mental illness or diagnosis or treatment for the illness."  *See generally Reinking*, 910 F.2d at 1218-19 (where plaintiff sued only on his behalf, but conferred a benefit on other plan participants by clarifying the interpretation of a term in a policy exclusion, the fourth factor did not weigh against an award of attorneys' fees).  Thus, the fourth factor is neutral.

The fifth factor is the relative merits of the parties' positions.  As the Court has granted summary judgment to Clark on her claim for MetLife's failure to provide a full and fair

review, this factor favors an award of attorneys' fees on that claim.  Since four factors favor an award of attorneys' fees, the Court finds that such an award is proper.  Moreover, an award will effectuate the remedial purposes of ERISA to protect employee rights and secure effective access to federal courts.

**C. Are the attorneys' fees and costs sought reasonable?**

ERISA provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."  29 U.S.C. § 1132(g).  Clark seeks $34,010.00 in attorneys' fees for work performed by the law firm of Carter & Coleman in pursuit of her claims against MetLife and in prosecuting the lawsuit, and $497.78 in costs.  MetLife does not dispute the reasonableness of the attorneys' fees and costs that Clark seeks.  Accordingly, the Court finds that the attorneys' fees and costs are reasonable.  Since Clark prevailed on one-half of her claims against MetLife, attorneys' fees are proper on one-half of her claims, and the fees and costs she seeks are reasonable, the Court will award Clark $17,005.00 in attorneys' fees and $497.78 in costs, plus interest.

### IV. Conclusion

For the reasons stated above, the Court will partially grant and partially deny Plaintiff Clark's motion for attorneys'

fees and costs and award Clark $17,005.00 in attorneys' fees and $497.78 in costs, plus interest.  An appropriate Order will issue.


July 6, 2005                              _____/s/_____
Alexandria, Virginia             UNITED STATES DISTRICT COURT JUDGE